Mason H. ROSE, et al., Plaintiffs,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. CV 82–1974–WPG.**

United States District Court, C.D. California.

March 30, 1983.

Stanley Fleishman, Los Angeles, Cal., for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., Stephen S. Trott, U.S. Atty., Los Angeles, Cal., Mark C. Rutzick, Thomas Millet, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

WILLIAM P. GRAY, District Judge.

This is an action to enjoin the United States Postal Service ("Postal Service") from leasing buildings that are inaccessible to the handicapped and to require the Postal Service to make accessible the leased facilities it operates that are not now accessible. Plaintiffs allege that under the Architectural Barriers Act, 42 U.S.C. § 4151 *et seq.,* and section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Postal Service has a duty to make certain that all postal facili-

ties, including leased ones, are accessible to handicapped persons. Plaintiffs further allege that a postal facility that is not accessible to handicapped persons constitutes de facto employment discrimination in violation of section 501 of the Rehabilitation Act, 29 U.S.C. § 791, and denies equal protection to handicapped persons. Defendant has moved for a judgment of dismissal. For reasons here set forth, such judgment will be granted.

### 1. *The Architectural Barriers Act.*

■ In 1968, Congress passed the Architectural Barriers Act, 42 U.S.C. § 4151 *et seq.* ("Barriers Act") to insure that certain buildings financed with federal funds would be so designed and constructed as to be accessible to the physically handicapped. The issue before this court is whether the 1976 amendments to the Barriers Act prohibit the Postal Service from leasing buildings that are inaccessible to the handicapped.

The starting point in cases involving construction of a statute is the language itself. *Watt v. Alaska,* 451 U.S. 259, 268–69, 101 S.Ct. 1673, 1678–79, 68 L.Ed.2d 80 (1981). Section 4151 is the definitional section of the Barriers Act, and defines those structures that are deemed to be "buildings". In 1968, under that section as it was first enacted, any building or facility "(2) to be leased in whole or in part by the United States . . . after construction or alteration in accordance with plans and specifications of the United States" was covered by the Act. *Architectural Barriers Act of 1968,* Pub.L. No. 90–480, 82 Stat. 718 (Aug. 12, 1968). In 1976, Congress amended § 4151 by deleting the words "after construction or alteration in accordance with plans and specifications of the United States." Congress also added § 4154a at that time, which brought the Postal Service within the prescription of the Barriers Act by requiring it to establish accessibility standards for its buildings.[1]

Plaintiffs assert that the 1976 amendments require the Postal Service to lease only buildings that are accessible, regardless of whether any alterations are to be done, and regardless of the duration of the lease. In so asserting, plaintiffs ignore § 4155 of the Barriers Act which provides the operative language of the statute. Under that section, "Every building designed, constructed, or altered after the effective date of a standard issued under this chapter which is applicable to such building, shall be designed, constructed or altered in accordance with such standard." Thus, the operative language, which has remained unchanged, requires that buildings conform to standards prescribed by the Act when they are designed, constructed or altered, not when they are leased. The words of the statute are clear. Buildings existing at the time of the lease are subject to the standards prescribed by the Act only when they are altered.

Plaintiffs argue that such interpretation renders the 1976 amendments a nullity. This, however, is not so. Before the statute was amended, "building" was defined as a structure that was leased after construction or alteration in accordance with government plans. If a building was not so altered or constructed prior to the lease, it did not become a "building", and therefore was not subject to the statute, even if it subsequently was altered. By striking that portion of the definition that required construction or alteration prior to the lease, the amended statute broadened the definition of "building". Now, whenever a leased building is altered, it comes within the requirements of the statute.

Moreover, plaintiffs' reading of the statute would create the anomalous result of permitting the federal government to buy a building outright and use it without modification, while requiring costly retrofitting

---

1. 42 U.S.C. § 4154a provides:
"The United States Postal Service, in consultation with the Secretary of Health, Education, and Welfare, shall prescribe such standards for the design, construction, and alteration of its buildings to insure whenever possible that physically handicapped persons will have ready access to, and use of, such buildings."

when it acquires a temporary interest in a building through a lease. If plaintiffs' interpretation were to prevail, the incongruous result under sections 4151 and 4155 would be that if the government leases a building, it must make it accessible, but if it buys an existing building, it need not.

Finally, both plaintiffs and defendant cite legislative history to support their respective interpretations of the 1976 amendments. Since the arguments here go both ways, the legislative history, as opposed to the other factors mentioned above, cannot be determinative in construing this statute. While the court is fully sympathetic with the plight of the handicapped, it cannot conclude that the 1976 amendments to the Barriers Act require the Postal Service to lease only buildings that are accessible to handicapped individuals.

### 2. *Section 501 of the Rehabilitation Act.*

Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, requires the Postal Service to implement affirmative action programs for the hiring, placement and advancement of handicapped individuals.[2] 29 U.S.C. § 791(b). Plaintiffs contend that the leasing of postal facilities that are not accessible to the handicapped constitutes de facto employment discrimination in violation of § 501. This assertion, however, ignores the Postal Service's accessibility standards that require the alteration of any postal facility, whether owned or leased, where handicapped persons are employed or about to be employed to accommodate the

disability of the persons involved. *Standards For Facility Accessibility By The Physically Handicapped,* Postal Service Handbook, RE–4, 1 (Nov. 1979). In light of the Postal Service's accessibility policy, the court does not find that the leasing of nonaccessible buildings constitutes employment discrimination in violation of § 501.

### 3. *Section 504 of the Rehabilitation Act.*

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits discrimination against qualified handicapped individuals under any program or activity conducted by the United States Postal Service.[3] Plaintiffs assert that the Postal Service's leasing policies constitute discrimination under the statute. The court cannot agree with this assertion. The federal government's duties to make buildings accessible are governed by the specific provisions of the Barriers Act, not the general ones of § 504. It is axiomatic that where two statutes touch upon the same area, the more specific statute controls over the terms of the general one. *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973). Because the Barriers Act specifically sets forth the requirements for accessibility in federal buildings, whereas § 504 merely proscribes discrimination against otherwise qualified handicapped persons, defendant's obligations to maintain accessible postal facilities are established by the Barriers Act, not by § 504.

**2.** 29 U.S.C. § 791(b) provides:
"Each department, agency, and instrumentality (including the United States Postal Service and the Postal Rate Commission) in the executive branch shall, within one hundred and eighty days after September 26, 1973, submit to the Civil Service Commission and to the Committee an affirmative action program plan for the hiring, placement, and advancement of handicapped individuals in such department, agency, or instrumentality. Such plan shall include a description of the extent to which and methods whereby the special needs of handicapped employees are being met. Such plan shall be updated annually, and shall be reviewed annually and approved by the Commission, if the Commission determines, after consultation with the

Committee, that such plan provides sufficient assurances, procedures, and commitments to provide adequate hiring, placement, and advancement opportunities for handicapped individuals."

**3.** 29 U.S.C. § 794 provides, in pertinent part:
"No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service...."

In view of the foregoing, defendant's motion for judgment of dismissal is granted.